Bruce Harland, SBN 230477
WEINBERG ROGER & ROSENFELD
1375 55th Street
Emeryville, CA 94608
(510) 337-1001
bharland@unioncounsel.net

Catha Worthman, SBN 230399
Darin Ranahan, SBN 273532
FEINBERG, JACKSON, WORTHMAN &
WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
(510) 269-7998
catha@feinbergjackson.com
darin@feinbergjackson.com

Stephen Kaufman, SBN 131605
Gary Winuk, SBN 190313
George Yin, SBN 213910
KAUFMAN LEGAL GROUP, APC
445 S. Figueroa Street
Suite 2400
Los Angeles, CA 90071
(213) 452-6566
skaufman@kaufmanlegalgroup.com
gwinuk@kaufmanlegalgroup.com
gyin@kaufmanlegalgroup.com

***Attorneys for Defendants Service Employees
International Union – United Healthcare Workers
West, Shawna Brown, Sean Fleming***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA PRIMARY CARE ASSOCIATION; OPEN DOOR COMMUNITY HEALTH CENTERS,<br><br>*Plaintiffs*,<br><br>vs.<br><br>SHIRLEY N. WEBER, PH.D., in her official capacity as Secretary of State of the State of California; SERVICE EMPLOYEES INTERNATIONAL UNION – UNITED HEALTHCARE WORKERS WEST, as a real-party-in-interest proponent of California Ballot Initiative 25-0008; SHAWNA BROWN, in her capacity as the official proponent of California Ballot Initiative No. 25-0008; and SEAN FLEMING, in his capacity as the official proponent of California Ballot Initiative No. 25-00008,<br><br>*Defendants*. | Case No. 3:26-cv-03837-AGT<br><br>Complaint Filed April 30, 2026<br><br>**[PROPOSED] ORDER GRANTING PROPONENT DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:     July 31, 2026<br>Time:    10:00 a.m.<br>Court:   A, 15th Floor<br>Judge:  Hon. Alex G. Tse |

This matter came before the Court on the Motion to Dismiss filed by Defendants Service Employees International Union – United Healthcare Workers West, Shawna Brown, and Sean Fleming (the "Proponent Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Having considered the parties' briefing, the Complaint, the argument of counsel, and the record in this action, and good cause appearing, the Court GRANTS the Motion to Dismiss for the reasons set forth below.

## I. THE COURT LACKS SUBJECT-MATTER JURISDICTION (RULE 12(B)(1)).

Plaintiffs bear the burden of establishing the Court's subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The Proponent Defendants raise a facial challenge, which accepts the Complaint's allegations as true and asks whether they suffice to invoke the Court's jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court must assure itself of jurisdiction before reaching the merits or any request for preliminary relief. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-95 (1998). Taking the Complaint's allegations as true, Plaintiffs establish neither standing nor ripeness.

### A. Plaintiffs Lack Article III Standing.

The expenditures Plaintiffs identify—resources they have chosen to devote to studying, opposing, and preparing for a measure that is not yet law—reflect voluntary advocacy and do not constitute a cognizable injury in fact. *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 394-95 (2024). Any operative harm depends on a chain of contingencies—passage of the Initiative by the voters, issuance of guidance by the Attorney General, the running of a full fiscal year, a noncompliant ratio calculation, assessment of a penalty, and the absence of a waiver—that is not certainly impending. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Plaintiffs' asserted injuries are, moreover, neither fairly traceable to the Proponent Defendants nor redressable by an order barring placement of the measure on the ballot, because the only forward-looking harm Plaintiffs identify turns on the independent acts of the electorate and state officials rather than these Defendants. *Steel Co.*, 523 U.S. at 107; *California v. Texas*, 593 U.S. 659, 675 (2021). Plaintiffs therefore lack Article III standing.

[PROPOSED] ORDER GRANTING MOTION TO DISMISS AND DENYING PRELIMINARY INJUNCTION

**B.      The Claims Are Not Ripe.**

The same contingencies that defeat standing render the dispute unfit for judicial decision, and withholding review works no hardship: the Initiative imposes no present obligation on any clinic and would impose none until well after the November 2026 general election even if enacted. California's settled doctrine disfavoring pre-election review of initiative measures reinforces the conclusion that the dispute is presently unfit for review. Plaintiffs' claims are not ripe.

Each defect—the absence of standing and the absence of ripeness—independently deprives the Court of subject-matter jurisdiction and requires dismissal under Rule 12(b)(1).

**II.      IN THE ALTERNATIVE, PLAINTIFFS FAIL TO STATE A CLAIM (RULE 12(B)(6)).**

To the extent the Court reaches the merits, the Complaint independently fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

**A.      Plaintiffs Have Pled No Valid Cause of Action.**

Plaintiffs' first three causes of action rest solely on the Supremacy Clause, which "is not the source of any federal rights" and "does not create a cause of action." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324-25 (2015) (citation modified). Plaintiffs' fourth cause of action, rests solely on the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, which "does not provide an affirmative cause of action where none otherwise exists." *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 878 (9th Cir. 2022); *accord California v. Texas*, 593 U.S. at 672-73. Because the declaratory-relief claim rests on the same preemption theory as the first three causes of action, it fails with them. Plaintiffs have pleaded no valid cause of action.

**B.      Plaintiffs' Preemption Theories Fail in Any Event.**

Even if Plaintiffs had stated a recognized cause of action, their preemption theories—pressed solely under the obstacle-preemption standard of *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)—would fail. The Initiative obstructs no federal objective. It commands no clinic to curtail any federally required activity; it sets a standard computed on total revenue; and its text supplies mechanisms— adjustment of the ratio's numerator and denominator through binding Attorney General guidance, waiver of the requirement by the Department of Public Health based on a clinic's economic condition, and escrow and refund of any penalty upon compliance—that permit the State to avoid any potential

[PROPOSED] ORDER GRANTING MOTION TO DISMISS AND DENYING PRELIMINARY INJUNCTION

conflict with federal law. Because the Initiative is susceptible to a construction that avoids conflict, and a facial challenge fails unless "no set of circumstances exists under which the Act would be valid," *United States v. Salerno*, 481 U.S. 739, 745 (1987), it is not preempted on its face. Neither Section 330 of the Public Health Service Act, the Medicaid Act, nor 31 U.S.C. § 1301 preempts the Initiative.

### III.    CONCLUSION AND ORDER.

For the foregoing reasons, the Court ORDERS as follows:

1.  The Proponent Defendants' Motion to Dismiss is **GRANTED**.

2.  The Complaint is **DISMISSED** in its entirety. Because its defects are legal and cannot be cured by amendment, the dismissal is **WITH PREJUDICE**.

3.  Plaintiffs' Motion for a Preliminary Injunction (Dkt. No. 28) is **DENIED**. In light of the dismissal the motion is moot; and, in the alternative, it is denied on the merits because Plaintiffs cannot establish a likelihood of success on the merits, irreparable harm, or that the balance of equities and the public interest favor the extraordinary relief sought.

4.  The Clerk is directed to enter judgment accordingly and close the file.

**IT IS SO ORDERED.**

DATED: _____      _____
                                      Hon. Alex G. Tse
                                      United States Magistrate Judge

[PROPOSED] ORDER GRANTING MOTION TO DISMISS AND DENYING PRELIMINARY INJUNCTION